IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ROCKY C. HURD                                                                                   PLAINTIFF

v.                                                                              No. 4:15CV73-SA-JMV

WARDEN SONJA STANCIEL
COMMISSIONER MARSHALL FISHER
SUPERINTENDENT EARNEST LEE
CO1 HARRIS
LT. MICHAEL WEEKS (ADM. UNIT 30-B)
DISCIPLINARY HEARING OFFICER SEQUNCIA WREN                     DEFENDANTS

**REPORT AND RECOMMENDATION**

The plaintiff, an inmate in the custody of the Mississippi Department of Corrections, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether any claims in the present case filed under 42 U.S.C. § 1983 have sufficient merit to proceed. A plaintiff's claim must be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1]

**Allegations**

Rocky Hurd sets forth three basic claims for relief. First, he alleges that he has received inadequate medical care regarding: (1) a delay from October 28, 2014, to January 6, 2015, in obtaining orthopedic shoes; and (2) a delay from February 10, 2015, to March 20, 2015, in providing medication for his injured back.

---

[1] 28 U.S.C. § 1915(g).

Second, Mr. Hurd alleges that he was falsely found guilty of refusing to provide a urine sample for testing on November 14, 2014. On November 24, 2014, he was found guilty, according to him, "without any evidence." He claims that he took the test, but that CO Harris failed to submit the paperwork. As a result, he lost 90 days of all privileges, including canteen privileges, so he could not buy extra food, shampoo, etc. Hurd claims that the maximum period for removing privileges is 30 days. His appeals of the Rule Violation Report were denied.

Third, Mr. Hurd alleges that slick shower conditions caused him to slip and fall on March 20, 2015, and injure his back because the shower fills with 3-4 inches of water. After Hurd fell he developed a knot in his groin area. In addition, he alleges that the deep water in the shower caused him to become infected with athlete's foot fungus.

### *Respondeat Superior*

Mr. Hurd has named Warden Sonja Stanciel, Commissioner Marshall Fisher, and Superintendent Earnest Lee as defendants solely because they are supervisors, but none of them had any personal involvement with the incidents giving rise to this suit. Section 1983 liability cannot be predicated upon a *respondeat superior* theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a viable cause of action pursuant to § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). In this case, the plaintiff does not allege that Warden Sonja Stanciel, Commissioner Marshall Fisher, and Superintendent Earnest Lee had any personal involvement or were causally connected to the incident in any way. As such, the undersigned respectfully recommends that this action be dismissed as to these defendants for failure to state a

constitutional question.

## Denial of Medical Treatment

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may a court infer knowledge of substantial risk of serious harm by its obviousness. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). In cases such as this, arising from delayed medical attention rather than a clear denial of medical attention, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S. D. Miss. 2000). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his

serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir. 2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). As set forth below, none of the allegations regarding denial of medical treatment state a constitutional claim under 42 U.S.C. § 1983.

**Worn Out Shoes**

Mr. Hurd wears a hole in one of his shoes about about every three months because of his limp, but, according to Mississippi Department of Corrections policy, inmates may only be issued new shoes every six months. Mr. Hurd's request to receive new shoes were initially denied for this reason. However, once he submitted a medical request form, medical personnel acknowledged his legitimate medical cause for excessive wear on his shoes, as well as his need for new ones, and he received the shoes he requested. These allegations set forth no more than a failure on Mr. Hurd's part to understand the correct way to obtain the shoes he needed. Once medical personnel determined that he needed to replace his shoes more often, the shoes were issued to him; as such, these allegations fail to state a constitutional claim.

**Back Pain**

Mr. Hurd alleges that he suffers from a defect in his spine, as well as arthritis, conditions which cause him back pain. Medical personnel had previously prescribed Neurontin for the conditions, but sometimes he would run out of the medication and would only receive more after some delay. In this case, he complains of a delay from February 10, 2015, until March 25, 2015 (when he was prescribed ibuprofen, rather than Neurontin). During that time, medical personnel conducted an x-ray evaluation, which revealed nothing out of the ordinary. He has also requested MRI testing, but that request was denied. These allegations do no rise to the level of deliberate indifference, as Mr. Hurd has not alleged that any of the defendants knew of "and disregard[ed] an excessive risk to inmate health or safety; [that]

the official [was both] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and [also drew] the inference." *Farmer v. Brennan*, 511 U.S. 825, 838 (1994). Instead, the allegations – a delay in delivering medication – sound only in negligence, which will not support a claim for denial of adequate medical care. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). These allegations should be dismissed for failure to state a constitutional claim.

### *Sandin*: Denial of Due Process

Mr. Hurd also alleges that the defendants denied his right to due process by finding him guilty of refusing to provide a urine sample. Mr. Hurd alleges that he, indeed, provided the sample on November 14, 2014, but Corrections Officer Harris lost the paperwork. Lt. Weeks and Sequencia Wren presided over the disciplinary hearing, and Hurd was found guilty of the violation of November 24, 2014. He was punished by losing all privileges for 90 days. Hurd alleges that, under Mississippi Department of Corrections policy, the maximum allowable period for loss of privileges is 90 days. Under the ruling found in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the plaintiff has not set forth a valid claim for violation of the Due Process Clause or any other constitutional protection. Though "[s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause, . . . these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In *Sandin*, the discipline administered the prisoner was confinement in isolation. This discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at

2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id*. Therefore, neither the Due Process Clause itself nor State law or regulations gave rise to a liberty interest providing the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In this case, Mr. Hurd's loss of privileges for 90 days is similar to the punishment imposed in *Sandin*; as such, it "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *Sandin* at 2301, and thus does not state a claim for denial of due process under 42 U.S.C. § 1983 and must be dismissed.

### General Conditions of Confinement – Wet, Slippery Floor

Finally, Mr. Hurd alleges that prison officials overlooked slippery conditions in the shower caused by standing water, where he slipped, fell, and suffered an injury to his groin. He also alleges that he contracted athlete's foot in the standing shower water. "[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.1989), *cert. denied*, 493 U.S. 969 (1989)(citation omitted). "Inmates cannot expect the amenities, conveniences, and services of a good hotel." *Id.* at 849 n.5 (citation omitted). Prison officials have certain duties under the Eighth Amendment, but these duties are only to provide prisoners with "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care . . . ." *Woods v. Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

Mr. Hurd's claims regarding the standing water in the shower area sound wholly in negligence, and negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). Taking into account the "totality of the circumstances," *McCord v. Maggio*, 910 F.2d 1248 (5th Cir. 1990), the instant claims do not rise to the level of a constitutional violation. The plaintiff has not identified any "basic human need" which he was denied for an unreasonable period of time. *See Woods*, 51 F.3d at 581. As such, Mr. Hurd's claim regarding his slip and fall in the shower should be dismissed for failure to state a claim upon which relief could be granted.

## Conclusion

In sum, for the reasons set forth above, none of the allegations in the complaint state a claim upon which relief could be granted, and the undersigned respectfully recommends that the instant case be dismissed with prejudice.

## Handling of Objections, Acknowledgment of Receipt

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date.  *Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.*

Respectfully submitted, this, the 10th day of December, 2015.

/s/   Jane M. Virden
UNITED STATES MAGISTRATE JUDGE