# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**ROCKY C. HURD**                                                                                           **PLAINTIFF**

**v.**                                                                                **No. 4:15CV73-SA-JMV**

**WARDEN SONJA STANCIEL, ET AL.**                                               **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the objections by the *pro se* prisoner Rocky C. Hurd to the Magistrate Judge's Report and Recommendation that the instant case be dismissed for failure to state a claim upon which relief could be granted. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. As discussed below, the court will approve and adopt the Report and Recommendation in part, but permit some of the plaintiff's claims to move forward.

## Discussion

In discussing the plaintiff's complaint, the Magistrate Judge divided the plaintiff's claims into three categories: (1) denial of adequate medical treatment (worn out shoes and back pain), (2) denial of due process, and (3) general conditions of confinement (slippery shower and athlete's foot contracted from standing water). The Magistrate Judge recommended dismissing all of these claims for failure to state a claim upon which relief could be granted. The Magistrate Judge also separately recommended that defendants Warden Sonja Stanciel, Commissioner Marshall Fisher, and

Superintendent Earnest Lee be dismissed because none of these defendants had any personal involvement in the events giving rise to this suit.

After the *Spears* hearing, Mr. Hurd filed a 62-page "Motion of Amended [Brief] Statement of Facts," which the court interprets as a supplement to the complaint. However, most of the new allegations occurred after Mr. Hurd filed the instant complaint (June 4, 2015); as such, he could not have exhausted his administrative remedies as to these allegations prior to filing this case. Although exhaustion of administrative remedies is an affirmative defense, normally to be pled by a defendant, the court may dismiss a *pro se* prisoner claim if failure to exhaust is apparent on the face of the complaint. *Carbe v. Lappin*, 492 F.3d 325 (5th Cir. 2007). The Prison Litigation Reform Act states, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). As Hurd's failure to exhaust the claims arising after the filing date is plain on the face of the pleadings, the court will not consider those claims.

Some of Hurd's claims, however, involve events which were not dated or occurred prior to the date this case was filed; as such, he may have exhausted his administrative remedies as to those claims, and the court will review them on the merits under 28 U.S.C. § 1915A.[1] The Magistrate Judge discussed Hurd's claims regarding: (1) his slip and fall, (2) his delay in getting shoes, and (3) his claim that he did not receive due process as to the handling of various Rule Violation Reports regarding his failure to provide a urine sample for testing. The Magistrate Judge recommended

---

[1] Section 1915A requires a district court in a prisoner case to "as soon as practicable" to screen the case and dismiss any claim if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a) and (b).

dismissing these allegations for failure to state a claim upon which relief could be granted, and the court will adopt the Report and Recommendation as to these claims.

In his 62-page meandering document [10] which the court construes as an amended complaint, Mr. Hurd lists ten claims, summarized below:

(1) Denial of adequate medical treatment during his stay at the Mississippi State Penitentiary – untimely dispensing of medication and failure to conduct an MRI examination;

(2) Exposure to hazardous conditions, including feces and urine on the floor in the bathrooms, rust, chemical smells, and lack of proper deodorant (which Hurd remedied by using lotion as deodorant for months at a time), and poor ventilation;

(3) Assault and verbal abuse, including being attacked by a K-9 officer, which occurred at the South Mississippi Correctional Institution (not at the Mississippi State Penitentiary, where the rest of Hurd's claims arose);

(4) "Corporal punishment," which he defines as all inmates being punished for a single inmate's wrongdoing – the result of which was denial of parole and reduction in custody level;

(5) Due process violations regarding Rule Violation Reports and untimely hearings;

(6) Denial of participation in religious services, blocking of outside religious materials, including receipt of "care packages" containing personal hygiene supplies and other items not available from the canteen at the penitentiary;

(7) Lack of accommodations for handicapped prisoners at other institutions (Central Mississippi Correctional Facility and South Mississippi Correctional Institution);

(8) "False imprisonment" through unnecessary Rule Violation Report and findings of parole violations, which led to continued imprisonment or return to prison;

(9) Poor treatment by prison officials and medical staff, including cursing, verbal abuse, "frivolous" Rule Violation Reports and suspended privileges; and

(10) Denial of benefits because of indigency, criminal record, and disability.

The following allegations were not mentioned in Hurd's original complaint, are unrelated to it, and will thus be dismissed: (3) verbal abuse and assault by a K-9 officer while housed at the South Mississippi Correctional Institution, (4) "corporal punishment," (6) denial of religious services, materials, and "care packages," (7) lack of accommodations for handicapped prisoners, (9) cursing and verbal abuse, and (10) denial of benefits because of indigency, criminal record, and disability. The dismissal of these claims is without prejudice to Mr. Hurd's ability to bring them in separate suits.

## Mr. Hurd's Objections

Mr. Hurd's primary objections to the Report and Recommendation were that he believes that it did not adequately discuss his claims regarding: (1) a 17-day delay in medical treatment (medication) for back pain and hypertension, (2) a delay in building repairs causing the slippery floor conditions which, in turn, led to his slip and fall in the shower, (3) a delay of four months in getting replacements for his worn-out shoes, (4) generally unsanitary conditions in Mississippi State Penitentiary Unit 30-B, and (5) denial of due process in handling the Rule Violation Report regarding Mr. Hurd's alleged failure to provide a sample of his urine for drug testing.[2] Mr. Hurd's allegations in his complaint and amended complaint are, for the most part, disorganized and difficult to follow; however, when coupled with his objections to the Report and Recommendation, the court has a better picture of them. The court will discuss these five objections in turn below.

---

[2] Mr. Hurd has made other allegations in his objections; however, those events occurred after the date he filed the instant case and, as set forth above, he could not have exhausted administrative remedies for these allegations prior to filing this case – as required under the Prison Litigation Reform Act.

First, the Magistrate Judge's Report and Recommendation discussed the delay in medical treatment after Mr. Hurd's slip-and-fall injury because that was the focus of his allegations. Nonetheless, the reasoning in the Report and Recommendation also applies to the alleged 17-day delay in providing medications to treat hypertension and arthritis. As Mr. Hurd has not alleged that the delay in treatment was caused by the defendants' reckless disregard for his health and safety, then he is not entitled to relief under 42 U.S.C. § 1983.

Second, the Magistrate Judge's analysis of Hurd's allegations that deteriorating building conditions caused his slip and fall is complete and accurate. Mr. Hurd is not entitled to relief based on these allegations because they sound wholly in negligence – which does not rise to the level of a constitutional violation under 42 U.S.C. § 1983. Thus, Hurd's allegations regarding his slip and fall will be dismissed for failure to state a claim upon which relief could be granted.

Third, the court fully adopts the Magistrate Judge's discussion of Hurd's allegations regarding a four-month delay in replacing his worn-out tennis shoes. Once Hurd requested shoes on the correct form – and from the correct people – he received them. As such, these allegations will be dismissed for failure to state a claim upon which relief could be granted.

Fourth, the Magistrate Judge discussed the leakage from sinks and toilets only in the context of creating the slick conditions leading to Hurd's slip and fall in the bathroom – as that was the context in which Hurd presented these allegations in his complaint, amended complaint, grievances, and letters. However, in his objections, he makes clear that he wishes to proceed on a separate claim of unsanitary conditions of confinement as to the leaking plumbing, standing water smelling of sewage, chemical fumes in the living area, and poor ventilation. Viewing the documents Hurd has presented as a whole (including his objections to the Report and Recommendation), the court holds that these allegations state a claim of unsanitary general conditions of confinement as to defendants

Superintendent Earnest Lee, Warden Sonja Stanciel, Unit Administrator Lt. Michael Weeks, and Commissioner Marshal Fisher will move forward.

Finally, Mr. Hurd identifies several Rule Violation Reports for which he was found guilty; however, the only one predating the filing of this case involves his alleged failure to provide a urine sample for drug testing. As the Magistrate Judge found, the court holds, as to this Rule Violation Report, that even if Hurd's allegations are true, they fail to state a constitutional question because the punishment (90 days loss of privileges) is not severe enough to trigger due process protections. *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). The Magistrate Judge was correct in recommending dismissal of this claim.

## Conclusion

For the reasons set forth above, the Magistrate Judge's Report and Recommendation will be adopted in part. All of Mr. Hurd's claims will be dismissed except for his claim against defendants Superintendent Earnest Lee, Warden Sonja Stanciel, Unit Administrator Lt. Michael Weeks, and Commissioner Marshal Fisher for permitting unsanitary general conditions of confinement as to leaking plumbing, standing water smelling of sewage, chemical fumes in the living area, and poor ventilation.

**SO ORDERED**, this, the 18th day of May, 2016.

                                             /s/ Sharion Aycock
                                             **U.S. DISTRICT JUDGE**